IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN S., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11 C 8362 |
| | ) | |
| Board of Education of | ) | |
| the City of Chicago, District 299 | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' cross motions for summary judgment. For the reasons stated below, Plaintiffs' motion for summary judgment is granted, and Defendant's motion for summary judgment is denied.

**BACKGROUND**

Plaintiffs allege that Jordan S. was a fourteen year-old eighth-grader at the beginning of the 2010-2011 school year, and that he attended a Chicago Public School. Jordan S. was allegedly eligible for special education services beginning in 2004, when he was in first grade. According to Plaintiffs, when he entered eighth grade, Jordan S. "was functioning significantly below grade level in all academic

1

areas." (Compl. Par. 6). In December of 2010, Plaintiffs allegedly requested independent educational evaluations at the expense of Chicago Public Schools (CPS). In early January 2011, Plaintiffs allegedly filed a due process request, asserting that CPS has denied Jordan S. a free and appropriate public education and making various requests in addition to the request for an independent educational evaluation. A hearing officer (Hearing Officer) was allegedly appointed to conduct a due process hearing (Hearing) on the matter.

The Hearing Officer allegedly identified the issues to be addressed at the Hearing, and in early May 2011, conducted the Hearing over four days. After the Hearing, the Hearing Officer found that Jordan S. "was denied a free and appropriate education in that [CPS] failed to properly evaluate and identify [the] extent of [his] disabilities, failed to develop and implement an appropriate [Individualized Education Program], and failed to provide appropriate related services." (Compl. Par. 13). The Hearing Officer entered an order providing various educational services to Jordan S. (Original Order), and later entered an additional order clarifying the Original Order.

Plaintiffs allege that they are prevailing parties in the administrative proceedings against CPS. Plaintiffs allegedly submitted claims to CPS totaling $50,724.96, which represents a claim for $47,785.98 in attorneys' fees related to the Hearing, and a claim for $2,938.98 incurred in connection with implementing the orders entered by the Hearing Officer. CPS has allegedly refused to pay the requested amount. Plaintiffs include in their complaint a claim for $50,724.96

2

brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. Both parties now move for summary judgment on the claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope School,* 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe all inferences in favor of the party against whom the motion under consideration is made." *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 606 (7th Cir. 2007)(internal quotations omitted); *see also Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007).

# DISCUSSION

Plaintiffs contend that, as a matter of law, they are entitled to recover the $50,724.96 that they have requested from Defendant. Defendant contends that, as a matter of law, the amount requested by Plaintiffs should be reduced by $18,257.00, which represents $17,944.00 in attorneys' fees and $313.00 in copying fees incurred by Plaintiffs from May 1, 2011 through June 7, 2011 in connection with the Hearing. Pursuant to 20 U.S.C. § 1415(i)(3) (Section 1415(i)(3)), "[i]n any action or proceeding brought under this section, the [district] court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Under Section 1415(i)(3), "[f]ees awarded . . . shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The amount of attorneys' fees and costs that is recoverable under Section 1415(i)(3) is limited, since Section 1415(i)(3) also provides, in relevant part, that

> [a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if--
>
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
> (II) the offer is not accepted within 10 days; and

4

> (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. §1415(i)(3)(D)(i). As an exception to this rule, Section 1415(i)(3) further provides that "[n]otwithstanding [the limitation on attorneys' fees found in] subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C. §1415(i)(3)(E). In addition, Section 1415(i)(3) also provides that

> whenever the court finds that--
>
> (i) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;
>
> (ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;
>
> (iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or
>
> (iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A),
>
> the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

20 U.S.C. §1415(i)(3)(F). Defendant has not disputed that Plaintiffs are prevailing parties in the administrative proceeding, or that the hourly rate charged by Plaintiffs' counsel is reasonable. (R PSF Par. 1-2, 23-25). However, Defendant argues that the court should exercise its discretion and reduce $18,257.00 from the amount requested by Plaintiffs, because Plaintiffs increased their demands as settlement negotiations progressed and because Defendant's final settlement offer (Final Offer) would have provided more relief than the Hearing Officer awarded to Plaintiffs.

Defendant contends that Plaintiffs increased their demands as settlement negotiations progressed to hinder the settlement process. (D Reply 4). However, a comparison of the settlement demands made by Plaintiffs in their April 7, 2011 and April 27, 2011 demand letters to Defendant reveals that Plaintiffs' demands did not change significantly, and that many of the changes reflect recommendations that Plaintiffs received from independent evaluators. (P SF, Ex. E). Further, the undisputed record shows that months prior to the Hearing, Plaintiffs were actively soliciting a settlement offer from Defendant in order to make the Hearing unnecessary. (P SF, Ex. E). Thus, the undisputed record does not reveal any dilatory tactics or efforts to thwart settlement by Plaintiffs prior to the Hearing. Based on the undisputed record, no reasonable jurist could find that Plaintiffs unreasonably protracted the final resolution of the controversy.

Defendant also contends that Plaintiffs' request should be reduced

based on the outcome of the Hearing. Defendant draws a comparison between its Final Offer and the relief granted to Plaintiffs by the Hearing Officer, arguing that the relief granted was less substantial than the Final Offer. However, Defendant concedes that its Final Offer was not made within the ten-day statutory period set forth in Section 1415(i)(3)(D)(i)(I). In addition, in the case relied on by Defendant, *Koswenda v. Flossmoor School Dist. No. 161*, 227 F.Supp.2d 979 (N.D. Ill. 2002), in assessing "reasonable attorneys fees in light of the result achieved," the court "analyze[d] the difference between the relief sought and the amount recovered." *Id.* at 990-91.

The undisputed record shows that Plaintiffs prevailed in all aspects of their case in the administrative proceedings, and the Final Offer does not negate this fact. (P SF Ex. A, B). Given that the Final Offer was made by Defendant at the eleventh-hour, Plaintiffs were well within their right to proceed to a Hearing in this case. Therefore, based upon the above, Defendants have not provided sufficient justification for the court to reduce $18,257.00 from the amount requested by Plaintiffs in the exercise of the court's discretion. Accordingly, the court grants Plaintiffs' request for summary judgment, and denies Defendant's request for summary judgment. Plaintiffs are awarded $50,724.96 in attorneys' fees and costs. In addition, the court finds that prejudgment interest in this matter is appropriate. Accordingly, the Plaintiffs are also awarded prejudgment interest accruing from August 26, 2011 through June 28, 2011, at a rate of 3.25%, which equals $1,386.60. Thus, the court

awards Plaintiffs a total judgment in the amount of $52,111.56.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion for summary judgment is granted, and Defendant's motion for summary judgment is denied. Plaintiffs are awarded $52,111.56.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   June 28, 2012